NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1933 |
| Plaintiff - Appellee, | D.C. No. 1:20-cr-00027-DKW-1 |
| v. | |
| DAYNE KANEAKUA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court for the
District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted October 16, 2024**

Before:    SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Dayne Kaneakua appeals from the district court's judgment and challenges

the 10-month sentence imposed upon his second revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kaneakua contends that the district court erred by imposing the sentence as

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

punishment rather than considering his need for additional substance abuse treatment. However, the record makes clear that the court selected the sentence to sanction Kaneakua's repeated violations of the terms of his supervision despite the court's multiple acts of leniency. The court's sentence was properly based on Kaneakua's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Kaneakua also contends that his sentence is substantively unreasonable because it fails to give sufficient weight to his need for continued treatment. The district court did not abuse its discretion in imposing the within-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court had already permitted Kaneakua to complete a drug treatment program, but he continued to violate the terms of his supervised release. The 10-month sentence, imposed after the court repeatedly cautioned Kaneakua that non-compliance with the terms of his release would result in a carceral sentence, is substantively reasonable under the totality of the circumstances. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51.

**AFFIRMED.**